## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VULCAN CONSTRUCTION MATERIALS, LLC** <br><br>     **Plaintiff,** <br><br> **v.** <br><br> **GEORGE WIMPEY, PLC et al.,** <br><br>     **Defendants,** | **OPINION** <br><br> **HON. WILLIAM J. MARTINI** |
| **GEORGE T. TUCKER, EDNA FIGGIS, CYNTHIA THOMAS, LINDA TUCKER, ROBERT LANG, JENNY TWELVETREES f/k/a JENNY LANG, THOMAS LANG, LAURA LANG f/k/a LAURA KING, ELAINE LANG, and GEORGE HARRIS** in his capacity as Trustee of the Robert Lang, Jr., Jenny Lang, Laura Lang, and Thomas Lang Trusts <br><br>     **Third Party Plaintiffs,** <br><br> **v.** <br><br> **NEW JERSEY DEPARTMENT OF TRANSPORTATION** <br><br>     **Third Party Defendant.** | **04-CV-2486 (WJM)** |

Edward Callahan
Clancy, Callahan & Smith
103 Eisenhower Parkway
Roseland, NJ 07068

*(Attorneys for Defendants and Third Party Plaintiffs George T. Tucker, Edna Figgis, Cynthia Thomas and Linda Tucker)*

Nuris Elena Portuondo
Schwartz, Simon, Edelstein,
Celso & Kessler
10 James Street
Florham Park, NJ 07932

*(Attorneys for Defendants and Third Party Plaintiffs Robert Lang, Jenny Twelvetrees f/k/a Jenny Lang, Thomas Lang, Laura Lang f/k/a Laura King, Elaine Lang and George Harris in his capacity as Trustee of the Robert Lang, Jr., Jenny Lang, Laura Lang and Thomas Lang Trusts)*

Brett D. Rickman
Office of NJ Attorney General
Richard Hughes Justice Complex
P.O. Box 086
Trenton, NJ 08625-0116

*(Attorneys for Third Party Defendant New Jersey Department of Transportation)*

**MARTINI, U.S.D.J.:**

This matter comes before the Court on Third Party Defendant New Jersey Department of Transportation's ("NJDOT's") motion to dismiss Third Party Plaintiffs' complaint[1].  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, the NJDOT's motion is **GRANTED** and Third Party Plaintiffs' complaint is **DISMISSED**.

**I.  Statement of Facts**

On May 27, 2004, Plaintiff filed this action against Defendants, alleging Defendants' responsibility for remediating certain lands that Plaintiff purchased in 1996.  The details of the dispute between Plaintiff and Defendants are complex and largely irrelevant for purposes of addressing this motion.  In brief, however, Plaintiff purchased lands used as asphalt production plants in 1996.  The purchase triggered the Industrial Site Responsibility Act ("ISRA"), N.S.J.A. 13:1K-6 et seq., formerly known as the Environmental Cleanup Responsibility Act ("ECRA"), which required remediation of some of this land.  Plaintiff asserts Defendants bear responsibility for remediating these sites pursuant to terms contained in a purchase agreement and Remediation Agreements with the New Jersey Department of Environmental Protection ("NJDEP").  Plaintiff further asserts Defendants failed to perform under their obligations.  Plaintiff seeks specific performance and damages because it has had to expend large sums of money to come into compliance with ISRA and to avoid NJDEP sanctions.

---

[1] The Third Party Plaintiffs represented by the law firm of Clancy, Callahan & Smith filed their complaint separate and apart from that filed by the law firm of Schwartz, Simon, Edelstein, Celso & Kessler on behalf of the remaining Third Party Plaintiffs.  However, because the filings are identical, this Court will refer to them collectively as the "Third Party Complaint" or "Third Party Plaintiffs' complaint."

On May 26, 2005, select Defendants (hereinafter referred to as "Third Party Plaintiffs") filed a Third Party Complaint against the New Jersey Department of Transportation alleging the NJDOT's responsibility for the cleanup.[2]  Third Party Plaintiffs allege the NJDOT used the sites at issue from the 1950s through the mid-1970s in connection with its highway projects.  The NJDOT has now filed this motion to dismiss claiming immunity from suit under the Eleventh Amendment.

## II.     Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint

---

[2] The Third Party Complaint was filed by individuals collectively identified in the complaint as the "Orange Quarry Former Shareholders": George T. Tucker, Edna Figgis, Cynthia Thomas, Linda Tucker, Robert Lang, Jenny Twelvetrees, Thomas Lang, Laura Lang, Elaine Lang and George Harris in his capacity as Trustee of the Robert Lang, Jr., Jenny Lang, Laura Lang and Thomas Lang Trusts.

3

for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

### III.    Eleventh Amendment Sovereign Immunity

The Eleventh Amendment grants states immunity from suit by private parties.[3] *Pennsylvania v. Union Gas Co.*, 491 U.S. 1 (1989); *A.W. v. Jersey City Pub. Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Supreme Court has recognized two exceptions to this bar.  First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  Second, a State may waive its sovereign immunity by consenting to suit.  *Id*.  Third Party Plaintiffs allege that this case gives rise to both exceptions.

#### a. Waiver Through Insurance Procurement

Third Party Plaintiffs first claim that the NJDOT may have waived sovereign immunity by purchasing environmental liability insurance.  Although they do not know if the NJDOT in fact has such insurance, they argue that since the NJDOT has the statutory authority to purchase insurance under N.J.S.A. 27:25-5(r), this Court should allow further discovery of the issue.

As an initial matter, the statute which purportedly confers upon the NJDOT the power to procure insurance, N.J.S.A. 27:25-5(r), applies specifically to the New Jersey Transit Corporation rather than to the New Jersey Department of Transportation.  More importantly,

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

4

even if the NJDOT had purchased insurance covering the claims at issue in this case, the Supreme Court has ruled that the question of whether a state has waived Eleventh Amendment immunity turns not on the state's ability to seek reimbursement for a judgment against it, but the entity's potential legal liability. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431 (1997). And although some courts have looked to insurance coverage in performing an analysis under the Eleventh Amendment, these courts do so not to determine whether a state entity has waived immunity but to determine whether the entity claiming immunity is in fact an "alter ago" of the state. *See, e.g., Christy v. Penn. Tpk. Comm'n*, 54 F.3d 1140, 1147 (3d Cir. 1995); *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655 (3d Cir. 1989). There is no dispute here that a suit against the NJDOT amounts to a suit against the state *qua* state. For these reasons, even if Third Party Plaintiffs could show that the NJDOT has procured insurance, this Court rejects the notion that such procurement amounts to the state's waiver of sovereign immunity.

### b. Waiver Through Acceptance of Federal Highway Funds

Third Party Plaintiffs next argue that the NJDOT may have subjected itself to suit in federal court if it accepted federal funds to build its highways. Again, although they do not know whether the NJDOT accepted such funds, they ask for discovery of the issue. This Court finds it unnecessary to grant such discovery since, even if Third Party Plaintiffs could show that the NJDOT had received federal funds for highway projects, their claim must fail.

Although Third Party Plaintiffs are correct that acceptance of federal funds is one way in which a state can waive its immunity from suit in federal court, *Koslow v. Pennsylvania*, 302 F.3d 161 (3d Cir. 2002), *cert. denied*, 537 U.S. 1232 (2003), mere receipt of federal funds does

5

not amount to a general waiver of immunity from suit. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Further, the Third Circuit specifically held in *Daye v. Pennsylvania*, 483 F.2d 294 (3d Cir. 1973), that Congress did not intend to condition receipt of federal highway funds on a state's waiver of its Eleventh Amendment immunity. And since Third Party Plaintiffs cannot identify any federal program which would have made receipt of federal highway funds contingent upon compliance with the types of environmental regulations at issue in this case, their claim, insofar as it is based on this theory of waiver, is dismissed.

### c. Waiver under the New Jersey Tort Claims Act

Third Party Plaintiffs next argue that the NJDOT has waived immunity from suit in federal court under the New Jersey Tort Claims Act ("NJTCA"). They seem to argue that, although they do not know whether they can sustain a claim against the NJDOT under the NJTCA, if they can, the statute would allow the NJDOT to be sued in federal court.

This Court first notes that Third Party Plaintiffs failed to plead NJTCA liability in their complaint. However, even if they amended their complaint, this claim would not survive. Case law is clear that waiver will be found only where stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Third Party Plaintiffs fail to point to any provision in the NJTCA, nor can this Court find any such provision, that suggests New Jersey intended to waive its immunity from suit in federal court through promulgation of this legislation. Third Party Plaintiffs further fail to explain why this Court should depart from prior rulings stating explicitly that the NJTCA does not amount to the state's waiver of immunity from

suit in federal court.  *See, e.g.*, *Martino v. County of Camden*, 2005 U.S. Dist. LEXIS 15622 (D.N.J. July 26, 2005); *Worrell v. New Jersey Transit Bus Operations*, 1987 U.S. Dist. LEXIS 474 (D.N.J. Jan. 29, 1987); *Ritchie v. Cahall*, 386 F. Supp. 1207 (D.N.J. 1974).  As such, this Court finds this argument without merit.

**d.  Abrogation under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)**

Finally, Third Party Plaintiffs argue that Congress abrogated the NJDOT's immunity through enactment of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675 (2000).  This Court will not opine on the merits of this theory since, as with the above argument concerning the NJTCA, Third Party Plaintiffs never plead the NJDOT's liability under CERCLA.  The Third Party Complaint only alleges the NJDOT's liability under the New Jersey Spill Act and common law theories of indemnification and contribution.  For this reason, this argument also fails.

**IV.  Conclusion**

In light of the foregoing, Third Party Defendant's motion to dismiss is **GRANTED** and Third Party Plaintiffs' complaint is **DISMISSED**.

                              s/William J. Martini
                              **William J. Martini, U.S.D.J.**

cc: All Parties

7